UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RACHEL ELKINS, ) | CASE NO. 5:08CV1999 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | Magistrate Judge George J. Limbert |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Defendant. ) | |

Rachel Elkins ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the undersigned recommends that the Court REVERSE the Administrative Law Judge's ("ALJ") decision and REMAND the instant case for further action in accordance with the instant Report and Recommendation.

I.  **PROCEDURAL AND FACTUAL HISTORY**

On May 9, 2002, Plaintiff filed applications for DIB and SSI alleging disability beginning November 25, 2001 due to Crohn's disease, depression, anemia, fistulas and post-surgical gastrointestinal problems. Tr. at 65-67, 408-410. Plaintiff's applications were denied initially and on reconsideration. *Id*. at 34-37, 44-47. Plaintiff requested a hearing before an ALJ, and at the April 12, 2006 hearing, Plaintiff testified and was represented by counsel. *Id.* at 516. A vocational expert also testified. *Id.*

Plaintiff requested that the Appeals Council review the ALJ's decision but the Council denied the request for review, concluding that no basis existed for changing the ALJ's decision. *Id.* at 6-18. Plaintiff filed an appeal to this Court on August 18, 2008 and Defendant answered. ECF Dkt. #s 1, 10. Both parties have filed briefs addressing the merits of the case. ECF Dkt. #s 13, 15, 16. At issue is the ALJ's April 28, 2006 decision, which stands as the final decision. Tr. at 16-26; 20 C.F.R. § 404.984.

## II.     SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

At the conclusion of the hearing before the ALJ, the ALJ stated to Plaintiff and her attorney: "I have no problem with the fact that it's going to be a positive Decision.  I just want to look at it to figure out when—or what, but it's not going to be a denial."  Tr. at 544.  However, on April 28, 2006, the ALJ denied Plaintiff's application for benefits, finding that while her impairments of Crohn's disease, post laparatomy, and resection were severe, they did not meet or equal, individually or in combination, the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 27.  The ALJ further found that Plaintiff could perform limited light work of lifting up to ten pounds frequently and twenty pounds occasionally, sitting, standing and walking up to six hours per eight-hour workday, with occasional ramp and stair climbing, unlimited abilities to push and pull and no climbing of ladders, ropes or scaffolds.  Tr. at 27.  He also discounted Plaintiff's credibility as to the intensity, duration and limiting effects of her impairments and found that she could return to her prior work as a computer support worker, office clerk, cashier, or food preparer.  *Id*. at 28

## III.    STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to DIB and SSI.  These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§

    404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step.  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

**IV.** **STANDARD OF REVIEW**

  Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.  *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).   Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion.  *Id.*; *Walters,* 127 F.3d at 532.  Substantiality is based upon the record taken as a whole.  *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

**V.** **ANALYSIS**

  The undersigned notes that this appeal concerns a closed period of benefits beginning November 25, 2001 and ending December 1, 2003.  Tr. at 521; ECF Dkt. #13 at 10.  Plaintiff explains that she returned to work over two years prior to her administrative hearing and she requests benefits only for the stated two-year period.

  **A.** **TREATING PHYSICIAN OPINION AND RFC**

  Plaintiff's first claim concerns the ALJ's RFC finding that she could perform light work consisting of lifting up to ten pounds frequently and twenty pounds occasionally, standing, walking

and sitting up to six hours per eight-hour workday, pushing and pulling with no limitations, occasionally climbing ramps and stairs, and never climbing ladders, ropes or scaffolds. Tr. at 28. She contends that the ALJ erroneously relied upon statements that she made to her treating physician about going to culinary school and seeking employment when the ALJ changed his mind post-hearing and denied her social security benefits. ECF Dkt. #13 at 10. In her second claim, Plaintiff asserts that the ALJ erred by completely rejecting the RFC assessment of her treating physician, Dr. Brzezinski. *Id.* at 12-14. These two issues are intertwined since the ALJ rejected Dr. Brzezinski's RFC assessment and determined one which was less limited than those of even the state agency consultants. *Id.* at 28.

The undersigned notes that the ALJ informed Plaintiff and her attorney at the hearing that he was going to award her benefits for a closed period of time and thereafter changed his mind post-hearing. While Plaintiff mentions this issue in her brief, she does not set it out as a separate assignment of error and fails to establish any prejudice resulting therefrom, such as an argument that she would have submitted additional evidence had she known that the ALJ was going to deny her disability benefits. Rather, Plaintiff recites the ALJ's statement in conjunction with her assertion that the ALJ erroneously relied upon her statements to a physician that she wished to enroll in culinary school and could not find a job when he concluded that she was not disabled. ECF Dkt. #13 at 10.

In his decision, the ALJ indicated that he had stated to Plaintiff and counsel at the hearing that it looked like the evidence supported Plaintiff's claim for a closed period of disability benefits. Tr. at 28. However, the ALJ explained that he was finding Plaintiff not disabled because no evidence existed after Dr. Brzezinski's September 12, 2002 RFC assessment which supported his RFC finding that Plaintiff could only lift up to ten pounds occasionally, sit two hours per workday, walk for one hour at a time up to three hours per workday, or that she could not stand. *Id*. The ALJ found that the next entry with Dr. Brzezinski was dated February 26, 2003 and showed that Plaintiff told him that she could not find a job due to prior credit records and work absences due to her Crohn's disease and that she wanted to go to culinary school but could not enroll because of outstanding debt at another school which would not release her transcript until the debt was paid.

*Id*. The ALJ concluded:

> The testimony at the hearing made the undersigned consider her incapable of working on a regular and continuing basis for at least 12 continuous months was that she was too fatigued to do so, but there is no mention of fatigue in the record and her job hunting convinced me that the claimant was not fatigued from Crohn's disease and the procedure to the extent that she could not have performed light or sedentary work well within 1 year, of the alleged onset date of disability, November 24, 2001. *Id.*

*Id.* The ALJ concluded that:

> The rationale for the RFC [the ALJ's RFC] is based, in relevant part, on the lack of objective medical findings in support of a closed period due to the effects of Crohn's disease and the procedure, including fatigue and missing at least 3 days a week of work, notwithstanding counsel's contrary argument that the treating physicians's RFC for the claimant supports such a finding. The undersigned also considered the opinions of the state agency consultants, as well as the claimant's own statements regarding looking for work and wanting to go to school which contradicted her complaint for being too fatigued to work during the requested closed period.

*Id*.

The undersigned recommends that the Court find that substantial evidence does not support the ALJ's rejection of Dr. Brzezinski's opinion. An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than to those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson*, 378 F.3d at 544. A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). Accordingly, if that presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544. "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985). When an ALJ determines that a treating physician's opinion is not entitled to controlling weight, she must consider the following factors in determining the weight to give to that opinion:

-5-

the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "'be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Wilson,* 378 F.3d at 544 quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir.1999). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243, citing *Wilson*, 378 F.3d at 544.

In this case, Plaintiff's claim for benefits is for the period from November 25, 2001 through December 1, 2003. Plaintiff underwent a sigmoid colectomy and ileal colectomy with stricturoplasty in December 2001, had a proctoscopy and anal fistulotomy on February 4, 2002, an ileostomy and small bowel resection in July 2002, and a bowel resection and stricturoplasty in September 2002. Tr. at 226, 232. Dr Brzezinski noted in his September 12, 2002 RFC assessment that Plaintiff would be absent from work more than three times a month due to her severe Crohn's disease which had required a diverting ileostomy and home total parenteral nutrition (TPN) because of severe perianal sepsis. Tr. at 202-204. He also noted that she had osteoporosis from steroid use and muscle weakness as well. *Id*. He further indicated that Plaintiff had anemia. *Id.* at 202-204.

In rejecting Dr. Brzezinski's September 12, 2002 RFC assessment, the ALJ found that no objective medical findings existed beyond this assessment which would support a finding of a 12-month continuous period of disability or the RFC opined by Dr. Brzezinski. Tr. at 28. He cited the

-6-

next entry from Dr. Brzezinski as February 23, 2003 which showed that Plaintiff told the doctor that she wanted to attend culinary school but could not because of outstanding debt and she could not find a job due to previous credit records and work absences due to her Crohn's disease. *Id.* The ALJ rejected Dr. Brzezinski's assessment based upon Plaintiff's statements about school and work and because no evidence existed beyond the assessment that would support such limitations. *Id.*

The Court should find that the ALJ's reasons do not constitute substantial evidence to support his finding rejecting Dr. Brzezinski's proposed RFC. Although the ALJ cites Dr. Brzezinski's note contradicting his RFC assessment as dated February 26, 2003, it appears that it is actually dated July 1, 2003. Tr. at 361. Regardless, Dr. Brzezinski did indicate in this note that Plaintiff told him she wanted to go to culinary school but could not because of outstanding debt. *Id.* She also stated that she could not find a job because of her credit history and work absences due to her Crohn's disease. *Id.* However, these statements do not signify that Plaintiff was *capable* of going to school or of working at substantial gainful employment in the national economy; they merely indicate her *desire* to attend school and work. *See Parish v. Califano*, 642 F.2d 188, 191 (6th Cir. 1981)("[a]ttending college on a part-time basis is not the equivalent of being able to engage in substantial gainful activity" because "one may miss occasional classes without penalty, and homework may be scheduled for those times when the students feels his or her best"); *Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992)(claimant who continued dancing, enrolled part-time in law school, and founded a national support group for persons suffering from Epstein-Barr virus over the period for which she claimed disability benefits did not warrant a finding that she had the RFC to return to previous work or maintain substantial gainful employment in the national economy). In fact, Dr. Brzezinski indicated in the same note that his impression was that Plaintiff still had "very aggressive Crohn's disease" and he found it "difficult to decide whether continuity should be restored, given the high likelihood of perianal disease recurrence." *Id.* He ordered blood tests, an ileoscopy and colonoscopy, and a small bowel series in order to make a better determination on future plans. *Id.* Further, the restrictions from Plaintiff's Crohn's disease are corroborated by her own statements to her doctor on this date that she could not find a job due in part to absences resulting from Crohn's disease. *Id.*

In addition, even assuming that the statements Plaintiff made about school and work constituted a viable basis for the ALJ to reject Dr. Brzezinski's opinion, the ALJ still erred in rejecting the opinion for the entire closed period of November 25, 2001 through December 1, 2003 because Plaintiff's statements were made on July 1, 2003 and the ALJ failed to explain why or how these statements would apply well before the date that they were made.

Further, the Court should find error with the ALJ's rejection of Dr. Brzezinski's September 12, 2002 assessment based upon a lack of evidence following that assessment. Tr. at 28. While Plaintiff did not present medical evidence following this assessment until the July 1, 2003 notation, a lack of insurance may have been the cause. The medical notes indicate that on June 13, 2003, Plaintiff called Dr. Brzezinski's office and informed them that her insurance was going to expire within the next month. *Id.* at 350. If this happened, it could certainly explain a lack of further treatment with Dr. Brzezinski for a time period. Even if her insurance did not expire, and even if Plaintiff failed to present medical evidence following the assessment, the ALJ could reject the treating physician's opinion only if he articulated a finding that Plaintiff's condition had improved after Dr. Brzezinski's opinion. *Lovelace v. Chater*, No. 96-5002, 99 F.3d 1150(Table), 1996 WL 599791 (10th Cir. 1996)(although claimant failed to present further medical evidence of totally disabling back and shoulder problems, remand was necessary because the ALJ did not find claimant's condition had improved and thus failed to articulate specific, legitimate reasons for rejecting a treating physician's opinion). The ALJ must articulate a reason why this particular claimant's condition had or would be expected to have improved in the period following Dr. Brzezinski's RFC assessment. *Id*. This Court cannot assume that Plaintiff's condition improved following the limited RFC assessment when the ALJ failed to provide any explanation of improvement or a less restrictive RFC and merely relied upon a lack of further evidence following the assessment.

Moreover, the Court should also find that substantial evidence does not support the ALJ's finding that the record contained no evidence of Plaintiff's fatigue. Tr. at 28. On June 25, 2002, Plaintiff had a consultation at the Hematology/Oncology Department of the Cleveland Clinic for iron deficiency anemia. *Id*. at 247. Dr. Gordan Srkalovic reviewed Plaintiff's recent blood test results

-8-

and concluded that they showed that Plaintiff had "very significant iron deficiency anemia." *Id.* at 248. He noted that Plaintiff had stopped taking iron supplements when she ran out of medication, but he stated that he was starting her on another iron program. *Id.* He further opined that "the possibility that the patient is not able to resorb iron is very real" due to her surgeries and inflammatory picture in her bowels. *Id.* He further stated that:

> [i]f the patient shows to be unable to resorb iron, we will proceed with intravenous iron to resolve her very serious iron deficiency. I think if her anemia is resolved, generally, the patient will start feeling better. She has significant symptoms from anemia, including shortness of breath, chest pain, and a general malaise and tiredness.

*Id.* at 248-249. Dr. Brzezinski noted in his RFC assessment that Plaintiff had anemia as well. *Id.* at 361. In defining anemia, Stedman's Medical Dictionary notes that frequent symptoms include lethargy and fatigue. STEDMAN'S MEDICAL DICTIONARY at 78 (27th Ed.2000). Thus, Plaintiff's fatigue was not only mentioned in the record, but its cause was given through a very significant iron deficiency anemia diagnosis. The ALJ apparently overlooked these records, which clearly show that Plaintiff suffered from fatigue with good reason.

Since the ALJ failed to address Plaintiff's fatigue, and failed to provide sufficient reasons for rejecting the RFC assessment of Dr. Brzezinski, the undersigned recommends that the Court REMAND the instant case for further factfinding, hearing and analysis by the ALJ concerning Plaintiff's RFC and her fatigue during the entire closed period for which Plaintiff applied. Further, because the undersigned recommends that the Court remand the case on these issues, Plaintiff's claim of ALJ error in failing to have a medical expert present will not be addressed at this time since the ALJ may choose upon remand to call upon a medical expert for help in considering Plaintiff's limitations from her multiple surgeries and conditions. In addition, the undersigned did not address Plaintiff's claim that the ALJ erred in adopting the vocational expert's answers to the ALJ's hypothetical questions since those questions may indeed change should the Court remand this case to the ALJ for further factfinding and analysis.

### B. **CREDIBILITY**

Plaintiff also asserts that the ALJ erred in discounting her credibility. ECF Dkt. #13 at 15-17. For the following reasons, the undersigned recommends that the Court find merit to this

assertion and remand this case for a redetermination of Plaintiff's credibility.

The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms of fatigue, frequent unscheduled bathroom breaks and absences from work 3 days per week during the closed period, her statements concerning the intensity, duration and limiting effects of these symptoms were not entirely credible. Tr. at 27. The ALJ found that the objective medical evidence and the factors of Social Security Ruling 96-7p did not fully support Plaintiff's complaints, "in light of her looking for jobs and wanting to go to culinary school during the closed period." *Id.*

The social security regulations establish a two-step process for evaluating pain. In order for pain or other subjective complaints to be considered disabling, there must be: (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

When a disability determination cannot be made on the basis of the objective medical evidence, an ALJ must analyze the plaintiff's credibility, considering her statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in 20 C.F.R. § 416.929 and Social Security Ruling 96-7p. Subjective complaints of pain can support a disability claim if objective medical evidence of an underlying condition exists in the record. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992). Other relevant factors that the ALJ must consider include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain. 20 C.F.R. 416.929(c)(3)(i)-(vi); SSR 96-7p. However, an ALJ is not required to accept a plaintiff's own testimony regarding her pain. *Gooch v. Sec'y of Health and Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987). Since the ALJ has the opportunity to observe the claimant in person, great deference is given to the ALJ's conclusion about the claimant's credibility. *McCoy o/b/o McCoy v. Comm'r of Soc. Sec.,* 81 F.3d 44, 47 (6th Cir. 1995). Nevertheless, substantial evidence must support an ALJ's

assessment of a claimant's credibility. *Id.* If the ALJ rejects or discounts the claimant's complaints as not credible, he must clearly state his reasons for doing so. *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994).

In the instant case, the ALJ stated that he had considered the criteria in SSR 96-7p and other evidence to support his decision to discount Plaintiff's testimony of disabling fatigue, and other effects such as frequent unscheduled bathroom breaks and missing 3 days per week of work due to her Crohn's disease and other procedures. Tr. at 27. However, the ALJ discounted Plaintiff's credibility because she told Dr. Brzezinski that she wanted to go to culinary school and was looking for jobs but could not find one because of her credit and work absences due to Crohn's disease. *Id.*

For the same reasons as stated in Section V(A), the undersigned recommends that the Court find that substantial evidence does not support the ALJ's discounting of Plaintiff's credibility. Plaintiff's statements that she wanted to go to culinary school and was seeking employment do not establish that she was capable of performing substantial gainful employment in the economy. *See Parish*, 642 F.2d at 191; *Cohen*, 964 F.2d at 530. Further, despite Plaintiff's statements, Dr. Brzezinski concluded that Plaintiff had "very aggressive Crohn's disease" and found it "difficult to decide whether continuity should be restored, given the high likelihood of perianal disease recurrence." *Id.* In addition, Plaintiff acknowledged her limitations from Crohn's disease when she told Dr. Brzezinski that she could not find a job due in part to absences that resulted from her Crohn's disease. *Id.*

In addition, even assuming that the ALJ did not error in relying upon Plaintiff's statements to Dr. Brzezinski, the ALJ still erred in using these statements as a basis to discount credibility for the entire closed period since these statements were not made until July 1, 2003 and the ALJ failed to explain why or how the statements would apply before that date.

## VI.   CONCLUSION AND RECOMMENDATION

Based upon a review of the record, the Statements of Error, and the law, the undersigned recommends that the Court REVERSE the ALJ's decision denying social security benefits to Plaintiff and REMAND this case to the ALJ for reevaluation and redetermination of Plaintiff's RFC,

the weight given to Dr. Brzezinski's September 12, 2002 RFC assessment, and Plaintiff's credibility. The undersigned further recommends that in conjunction with the redeterminations, the ALJ should also reconsider the use of a medical expert, and reconsider the hypothetical questions presented to the vocational expert since both of these issues may be impacted by the redetermination of the RFC.

*/s/George J. Limbert*       7/22/09
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).